People of Porto Rico, Plaintiff and Appellee, *v.* Juan González Campos, Defendant and Appellant.

No. 3666. Argued March 8, 1929.—Decided June 19, 1929.

*Antonio Reyes Delgado* for the appellant. *José E. Figueras* for the appellee.

Mr. Justice Hutchison delivered the opinion of the court.

Juan González Campos was convicted of carrying a weapon and alleges that the court below erred in weighing the evidence, in construing a stipulation, and in applying the law without regard to the spirit thereof, and the intention of the Legislature.

González was a plantation overseer. On his way home from work he traveled along a public road which crosses a parcel of land, the property of Benito Vega. González found Vega plowing in his field and engaged him in conversation. A quarrel ensued and there was evidence tending to show that González dismounted and entered the field; that he fired once from the road and three times after he had left it.

The theory of the defense was that González did not leave the road voluntarily, but was carried into the field in the course of a struggle. The evidence upon this point was contradictory and the finding of the district judge was adverse to the contention of the defendant.

The stipulation referred to by appellant contained an admission that several shots were fired by defendant while on the land belonging to Vega. The argument is that the trial judge construed this admission as a confession of guilt, notwithstanding the alleged involuntary character of the entry upon the Vega property. The record does not disclose any satisfactory evidence that the stipulation was so misconstrued.

Section 5 of the law which forbids the carrying of certain weapons, as amended in 1924, Session Laws, p. 114, provides:

"That the provisions of this Act shall not be applicable—

\* \* \* \* \* \* \*

"5. To the carrying of arms within one's dwelling or estate."

We are unwilling to impute to the Legislature an intention to authorize the carrying of a weapon by an overseer

while trespassing with hostile intent upon the land of a neighbor.

The judgment appealed from must be affirmed.